UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>KENNETH MOORE,<br><br>  Defendant. | Case No:  CR 08-0351 SBA<br><br>**ORDER DENYING REQUEST<br>FOR SENTENCE REDUCTION**<br><br>Docket 20 |

    On May 28, 2008, Kenneth Moore ("Defendant") was charged in a one-count Indictment with distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  Indictment, Dkt. 1.  On October 21, 2008, the Defendant entered a guilty plea to count one of the Indictment pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Dkt. 13.  At the time of sentencing, the total Offense Level was 21 and Defendant was in Criminal History Category VI, yielding a guidelines range of 77 to 96 months.  On October 21, 2008, the Court sentenced Defendant to 77 months, four years of supervised release, and ordered Defendant to pay a mandatory special assessment of $100.  See Dkt. 13, 17.

    The parties are presently before the Court on Defendant's Notice of Eligibility and Request for Reduction in Sentence under 18 U.S.C. § 3582(c)(2).  Dkt. 20.  Defendant requests a 14-month reduction in his sentence from 77 months to 63 months based upon amendments to the United States Sentencing Guidelines ("Guidelines") which retroactively modified guideline ranges for crack cocaine offenses.  Dkt. 20.  The United States of America ("government") opposes Defendant's request for a sentence reduction.  Dkt. 21.

The probation officer has submitted a report stating that the guidelines range that would have been applicable if the amendments had been in effect at the time Defendant was sentenced is 63 to 78 months based on an adjusted total Offense Level of 19 and a Criminal History Category of VI.  While the probation officer concludes that Defendant is eligible for a sentence reduction, she recommends that the Court deny Defendant's request for a sentence reduction based on public safety concerns due to his "lengthy criminal history and lack of success while on community supervision," and his need of a residential substance abuse program.  Having read and considered the papers submitted in connection with this matter as well as other relevant materials in the record, the Court hereby DENIES Defendant's request for a sentence reduction, for the reasons stated below.

I.      **DISCUSSION**

The Fair Sentencing Act of 2010 ("FSA") modified, among other things, the penalties for crack cocaine offenses by reducing sentencing disparities between crack and powder cocaine offenses.  United States v. Pleasant, 704 F.3d 808, 809 (9th Cir. 2013).  On November 1, 2010, the U.S. Sentencing Commission exercised its authority under the FSA by issuing Amendment 748, which revised penalties for crack cocaine offenses under the § 2D1.1(c) drug quantity table.  Id.  The Commission then issued Amendment 750, which made the Amendment 748 changes permanent.  Id.  Finally, the Commission issued Amendment 759, which: (1) made the Amendment 750 changes retroactive; and (2) modified § 1B1.10, which governs when a sentence may be reduced by reason of a retroactive guideline amendment.  Id. at 809-810.

In light of these amendments, the Defendant now requests the Court reduce his sentence by 14 months from 77 months to 63 months.  See Dkt. 20.  In doing so, the Defendant requests the Court sentence him to the low-end of the guidelines range that would have been applicable if the amendments had been in effect at the time he was sentenced.  Id.

Generally, federal courts lack jurisdiction to modify a sentence once it has been imposed. See 18 U.S.C. § 3582(c). Section 3582(c)(2), however, provides a narrow exception. It states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 27 U.S.C. 994(o), upon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996). "[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge." Id. at 512.

In response to Defendant's request for a sentence reduction, the government argues that Defendant waived his right to file a § 3582 motion in his plea agreement. Dkt. 21. Defendant concedes that he waived his right to file such a motion in his plea agreement. Dkt. 23. However, he argues that he has not filed a motion for a sentence reduction under § 3582(c) but rather a "Notice of Eligibility and Request for Reduction," which requests the Court reduce his sentence "on its own motion" under § 3582(c). See Dkt. 20, 23.

The government does not contend that the Court lacks the authority to reduce Defendant's sentence "on its own motion" under § 3582(c)(2). Nor does the government challenge the probation officer's conclusion that Defendant is eligible for a sentence reduction under the amendments to the Guidelines, or her determination that the guidelines range that would have been applicable if the amendments had been in effect at the time Defendant was sentenced is 63 to 78 months. Instead, the government argues that the original 77-month sentence is appropriate because it falls within the amended guidelines range, and because Defendant has a lengthy criminal history, a record of polysubstance abuse, and is in need of a residential substance abuse program. Dkt. 21.

Given that the parties and the probation officer agree that Defendant is eligible for a sentence reduction, the next question is whether a reduction is warranted considering the factors set forth in § 3553(a).  Among the factors to be considered are: the "nature and circumstances of the offense and the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a).  In addition to the § 3553(a) factors, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and may consider the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." See U.S.S.G. § 1B1.10, Application Notes (B)(ii), (iii); United States v. Lightfoot, 626 F.3d 1092, 1096 (9th Cir. 2010).

Although it is undisputed that the Defendant is eligible for a reduction in his sentence, the Court finds that a sentence reduction is not warranted under the circumstances.  The Defendant has a lengthy and serious criminal history, including the underlying offense which involved the distribution of 12.9 grams of crack cocaine.  As reported by the probation officer, the Defendant has "14 criminal convictions totaling 42 counts for offenses such as possession of narcotic controlled substance (three counts), transportation/sale narcotic controlled substance (15 counts), false identification to a peace officer, willful cruelty to a child (nine counts), obstructing/resisting a public officer (two counts), driving on a suspended license (four counts), driving under the influence (five counts), bringing controlled substances into a jail, possession of controlled substance for sale, and attempted escape."  In addition, the probation officer reports that Defendant has been arrested 19 other times for offenses related to drugs, violent crimes, loitering, and

disorderly conduct.[1]  The probation officer's report also states that the Defendant "has a long history of polysubstance abuse," including the use of marijuana and crack cocaine throughout his adult life, "has no formal work experience with the exception of a job at 19 years old for five months," and "has 22 children and owed $36,700 in child support at the time of the presentence report."  The Defendant, for his part, does not dispute the content of the probation officer's report.

Instead, the Defendant contends that a sentence reduction is warranted because he showed early acceptance of responsibility, he possessed a "relatively low" amount of drugs, and his prior convictions and documented substance abuse problem show that he is a "low-level street dealer trying to feed his habit," not a person involved in the production or large-scale distribution of controlled substances.  Dkt. 20 at 4-5.  In addition, the Defendant notes that during his incarceration he has completed a 15-hour Drug Education Course, is in the process of obtaining his General Education Development ("GED"), has participated in the 500-hour Residential Drug Abuse Program ("RDAP"), has worked throughout his incarceration and is learning a vocation, and has not exhibited any violence or participated in any criminal activity.  Dkt. 20 at 5.

Having considered the factors set forth in § 3553(a), the Court exercises its discretion and declines to reduce Defendant's sentence.  While the Defendant's post-sentencing conduct indicates that he has made some attempt to better himself through participation in programs and classes designed to educate and rehabilitate, the most recent inmate progress report submitted by the probation officer dated February 17, 2013 shows that Defendant was expelled from RDAP in August 2012 and voluntarily withdrew from the GED program in October 2012.  The progress report also states that Defendant "does not appear to have a solid release plan."

---

[1] According to the pre-plea presentence report ("PSR") prepared by the probation officer, Defendant's arrests include, among other things: "Assault to Commit Rape"; "Force/ADW: Not Firearm: GBI Likely"; "Battery"; "Threaten Crime with Intent to Terrorize"; "Obstructs/Resist Public Officer"; "Threaten Crime with Intent to Terrorize"; "Force: ADW: Not Firearm: GBI Likely"; and Threaten Crime with Intent to Terrorize." PSR ¶¶ 50-51, 55, 58, 62, 67-68.

The Court finds that Defendant's history and characteristics, including his extensive criminal and drug abuse history, lack of formal work experience, and his withdrawal from the GED program and expulsion from RDAP, demonstrates that a sentence reduction is not appropriate. The Court agrees with the probation officer's assessment that a 77-month sentence, which falls within the amended guidelines range of 63-78 months, is appropriate. The Court finds that the safety of the community is best protected by the Defendant serving the entirety of his original sentence. The original sentence is also appropriate in order to afford adequate deterrence, to reflect the serious nature of the offense, promote respect for the law, and to provide just punishment. Finally, because the Defendant's original sentence falls within the amended guidelines range, a sentence reduction is not necessary to avoid unwarranted sentence disparities among defendants with similar records. Accordingly, the Defendant's request for the Court to reduce his sentence on "its own motion" under § 3582(c) is DENIED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Defendant's request for the Court to reduce his sentence "on its own motion" under § 3582(c) is DENIED.

2. This Order terminates Docket 20.

IT IS SO ORDERED.

Dated: 3/20/13

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge